# IN THE SUPREME COURT OF THE STATE OF NEVADA

LOVELL RANDOLPH, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76677

FILED

MAY 10 2019

ELI___ A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is a pro se appeal from a district court order denying appellant's postconviction petition for a writ of habeas corpus.[1] Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Appellant filed a timely petition on February 8, 2018. After conducting an evidentiary hearing, the district court denied the petition without appointing counsel. We conclude that the district court erred in denying the petition without appointing counsel for the reasons discussed below.

NRS 34.750 provides for the discretionary appointment of postconviction counsel and sets forth a nonexhaustive list of factors which the court may consider in exercising its discretion: the petitioner's indigency, the severity of the consequences to the petitioner, the difficulty of the issues presented, whether the petitioner is unable to comprehend the proceedings, and whether counsel is necessary to proceed with discovery. The determination of whether counsel should be appointed is not necessarily dependent upon whether a petitioner raises issues in a petition

---

[1]This appeal has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

19-21391

which, if true, would entitle the petitioner to relief. *See Renteria-Novoa v. State*, 133 Nev., Adv. Op. 11, 391 P.3d 760, 762 (2017).

Here, the factors favor the appointment of counsel. Appellant filed a motion to appoint counsel, and the record supports a claim of indigency as appellant was represented by appointed counsel at trial and on appeal. Appellant is serving a significant sentence totaling 132 to 420 months. And appellant's conviction arose out of a jury trial with claims of ineffective assistance of counsel requiring factual development outside the record. The failure to appoint postconviction counsel prevented a meaningful litigation of the petition and resulted in appellant being unable to provide evidence supporting his claims at the evidentiary hearing. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____ C.J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Douglas Herndon, Dist. Judge
      Lovell Randolph, Jr.
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk